UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FITZGERALD KENNEDY *and* HILDA TOBIAS KENNEDY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| EDDIE GARCIA, *in his official capacity as Dallas Police Department Chief*, MICHEL MOORE, *in his official capacity as Los Angeles Police Chief*, KIMBERLY CHEATLE, *in her official capacity as Director of the Secret Service*, PAUL LANDIS, *and* JASON TAYLOR, | § § § § § § § § § § § | Case No. 3:23-cv-02603-N-BT |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are separate Motions to Dismiss filed by Defendant Kimberly Cheatle (ECF No. 16) and Defendant Eddie Garcia (ECF No. 19). For the reasons explained, the District Judge should GRANT the Moving Defendants' Motions and DISMISS the Kennedys' claims. The District Judge should also *sua sponte* dismiss the Kennedys' claims against any remaining Defendants. Finally, the District Judge should DENY the Kennedys' Motions for Substituted Service (ECF Nos. 7, 9, & 15) and their Second Motion for Leave to Amend (ECF Nos. 33 & 34).

1

## Background

After paying the filing fee, Plaintiffs John Fitzgerald Kennedy and Hilda Tobias Kennedy, a married couple, filed their *pro se* Complaint[1] against Defendants Eddie Garcia in his official capacity as Dallas Police Department Chief, Michel Moore in his official capacity as Los Angeles Police Chief, Kimberly Cheatle in her official capacity as Director of the Secret Service, Paul Landis, former Secret Service agent and whistleblower, and Jason Taylor, Chief of the Texas Rangers. *See* Am. Compl. ¶¶ 65–69 (ECF No. 10).

In their live pleading, the Kennedys allege that Mr. Kennedy[2] is the child of former President John F. Kennedy and Marilyn Monroe, *id.* at ¶ 4, but that he was kidnapped at a young age, given a false birth certificate, and subjected to physical and sexual abuse. *Id.* at ¶¶ 13–22. The Kennedys allege that President Kennedy provided for Mr. Kennedy's future care with references in his will to "child of mine" and an Executive Order defining "child" as "a legitimate or an illegitimate child from the date of its conception." *Id.* at ¶¶ 45–46. The Kennedys state that "Plaintiff brings this action pursuant to Section I of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, for violations of

---

[1] This is not Mr. Kennedy's first time in federal court. The Ninth and Second Circuits have both rejected similar claims related to his alleged parentage. *See Kennedy v. Estate of Monroe*, 790 F. App'x 119, 120 (9th Cir. 2020); *Kennedy v. Trustees of Testamentary Trust of Will of Kennedy*, 406 F. App'x 507, 509 (2d Cir. 2010).
[2] Mr. Kennedy alleges that he changed his name from John Ruben Burton to John Fitzgerald Kennedy in 1994. Am. Compl. App'x 72 (ECF No. 10-1).

the First and Fourteenth Amendments to the United States Constitution." *Id.* at ¶ 42.

The Kennedys request that the Court issue several declaratory judgments, including a declaratory judgment "that I, plaintiff John Fitzgerald Kennedy am the child of President John Fitzgerald Kennedy by DNA testing done by TEXAS RANGERS as court officers or otherwise;" "that I, the plaintiff, John Fitzgerald Kennedy was kidnapping abused, tortured, molestation [sic], suffered intentional humiliation;" "that President John F. Kennedy's Executive Order 11098 is a reflection of his personal views of the obligations and what is considered a child;" and "that Paul Landis, and all other defendants negligently failed in their legal obligations to President John F. Kennedy and his son plaintiff Mr. Kennedy." *Id.* at ¶ 79. The Kennedys also seek permanent injunctions "mandating the reopening of the death[s]" of President John Kennedy, Marilyn Monroe, and Linda Procter, *id.*, as well as permanent injunctions "mandating the Secret Service and their agents enforce them to protect the rights of a child of the president both legitimate and illegitimate en toto" and "prohibiting Defendants and their agents from infringing on the rights/and or failing to enforce the rights of a child en toto." *Id.*

Defendant Cheatle filed a Motion to Dismiss, arguing that the Kennedys claims against her must be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, and the Kennedys filed a Response (ECF No. 24). Cheatle did not file a Reply. Defendant Garcia filed a Motion to Dismiss, arguing for dismissal under Rule 12(b)(6), and

3

the Kennedys filed a Response (ECF No. 26). Garcia then filed a Reply in support of his Motion (ECF No. 32). The parties have thus had a full and fair opportunity to brief the issues, and these Motions are fully briefed and ready for a recommendation.

**Legal Standards**

A federal court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (authorizing dismissal of lawsuits for want of jurisdiction where the alleged claim is "wholly insubstantial or frivolous"). Indeed, a federal court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017). A court does not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

4

Moreover, Federal Rule of Civil Procedure 12(b)(6) allows a federal court to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." *Id*. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Rule 12(b)(6) does not allow a court to dismiss a plaintiff's complaint merely because the court does not believe the plaintiff's factual allegations. However, dismissal may nonetheless be appropriate when the facts set forth in the complaint are clearly baseless because they are fanciful, fantastic, or delusional. *Starrett v. Lockheed Martin Corp.*, 2018 WL 1399177, at *3 (N.D. Tex. Mar. 9, 2018) (Rutherford, J.), *adopted by* 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018).

## Analysis

A. <u>The Moving Defendants' Motions to Dismiss</u>

In this case, the Kennedys assert claims for relief under Section 1983 for violations of the First and Fourteenth Amendments. Compl. ¶ 42 ("I and my wife bring this action . . . pursuant to 42 U.S.C. § 1983 . . . for violations of the First and Fourteenth Amendments"). But instead of factual allegations explaining how the Defendants' actions violated their constitutional rights, most of the Complaint

details, in a meandering and fanciful fashion, Mr. Kennedy's belief that his parents are John F. Kennedy and Marilyn Monroe, his childhood memories of being kidnapped and suffering physical and sexual abuse, his Jewish heritage, his prior lawsuit against the trustees of President Kennedy's will, and what he views as the negligence of the Defendants in investigating President Kennedy's assassination. *See, e.g.,* Am. Compl. ¶ 4 ("I am the biological offspring of both these beloved American icons and world figures"); *id.* at ¶ 19 ("After my father's murder in Dallas, Texas all my protection and hope to find a way home stopped. The kidnappers and their agents were free to abuse me and hurt me increasingly") *id.* at ¶ 62 ("Everything related to my protection and identity theft and further child sex trafficking stems from the murder committed in Dallas, Texas of my father, President John F. Kennedy, and the negligence surrounding the investigation of his death"). Indeed, Mr. Kennedy does not identify how the First or Fourteenth Amendment applies to the alleged harm he has suffered, nor does the Amended Complaint include any facts whatsoever connecting the individual Defendants to any alleged injury. The Amended Complaint is near silent as to injuries suffered by Mrs. Kennedy, except for a statement that "I, your plaintiff, Hilda Tobias Kennedy due to the many injuries request expedited DNA testing by the Texas Rangers and trial for my husband and me under FRCP 1." *Id.* at ¶ 71.

The Court has little difficulty concluding that Plaintiffs claims are patently frivolous and should be dismissed for lack of subject matter jurisdiction. Alternatively, the Court concludes that the facts set forth in the Plaintiffs'

complaint are clearly baseless because they are fanciful, fantastic, or delusional. Plaintiffs have therefore failed to state a claim for relief against any of the Defendants, and their claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Kennedy v. Estate of Monroe*, 790 F. App'x 119, 120 (9th Cir. 2020) (affirming the district court's dismissal as frivolous of Kennedy's action for intentional and negligent infliction of emotional distress and paternal adjudication); *Kennedy v. Trustees of Testamentary Trust of Will of Kennedy*, 406 F. App'x 507, 509 (2d Cir. 2010) (affirming the district court's dismissal of Kennedy's claim for breach of fiduciary duty and an order compelling trustees to investigate his claim that he is President Kennedy's son).

This conclusion that Plaintiffs claims are patently frivolous pretermits the necessity to consider any of the Moving Defendants' other arguments. However, the Court notes that the Kennedys' claims against Cheatle—named in her official capacity as director of the United States Secret Service—are also barred by sovereign immunity. *Ruston v. Bush*, 2002 WL 108414, at *5 (N.D. Tex. Jan. 23, 2002) (citing *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)) ("Any claim against the U.S. Secret Service officers, in their official capacities, is likewise barred by sovereign immunity. Such a suit is considered as one against the United States itself"). Absent a waiver of sovereign immunity or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject matter jurisdiction. *See Mann v. United States*, 2022 WL 789698, at *2 (N.D. Tex. Feb. 24, 2022) (Rutherford, J.), *adopted by* 2022 WL 785316 (N.D. Tex.

7

Mar. 15, 2022) (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Here, the Kennedys have not identified an applicable waiver of sovereign immunity for any claim against the United States that would allow suit against Cheatle in her official capacity as a federal agent. The District Judge could therefore dismiss the Kennedys' claims against Cheatle as barred by sovereign immunity. *Dugan v. Rank*, 372 U.S. 609 (1963) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act"); *Zhang v. Allen*, 2023 WL 9850877, at *3 (N.D. Tex. Nov. 7, 2023) (Rutherford, J.), *adopted by* 2024 WL 847021 (N.D. Tex. Feb. 27, 2024) (dismissing claims against federal officials, including claim seeking injunctive relief, as barred by sovereign immunity).

   B.  Remaining Claims and Motions for Substituted Service

Defendants Landis, Moore, and Taylor have not appeared in this lawsuit. After encountering difficulty properly serving Landis and Moore, the Kennedys moved to serve Landis and Moore by alternate means. *See* Mots. Substituted Serv. The Kennedys have also filed a document purporting to show proof of service on Taylor. *See* Summons (ECF No. 23). But regardless of whether the Kennedys have properly served Taylor under Federal Rule of Civil Procedure 4, and even without Landis and Moore appearing in this lawsuit, the claims against these Defendants should be dismissed alongside the claims against the Moving Defendants as frivolous.

The Fifth Circuit has held that where a defending party establishes that a plaintiff has no cause of action, this defense generally also inures to the benefit of a defaulting defendant, and district courts have extended this holding to unserved defendants. *Armendariz v. Chowaiki*, 2016 WL 8856919, *19 (W.D. Tex. Mar. 31, 2016) (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)); *Roa v. City of Denison*, 2017 WL 9287012, at *18 (E.D. Tex. Aug. 29, 2017), *adopted by* 2017 WL 4675062 (E.D. Tex. Oct. 18, 2017) (dismissing claims against unserved defendants upon finding that plaintiff had failed to state a claim against the appearing defendants, "as defaulting and/or unserved defendants may generally derive the benefit of a defendant party's demonstration that the plaintiff has no cause of action"). Here, the Kennedys assert the same claims against Landis, Moore, and Taylor as against Garcia and Cheatle, and the Rule 12(b)(6) analysis is not unique to any Defendant. Therefore, the District Judge should dismiss the Kennedys' claims against Landis, Moore, and Taylor along with their claims against Garcia and Cheatle. *See Liccardi v. Schorr*, 2023 WL 9102232, at *5 (N.D. Tex. Dec. 11, 2023) (Rutherford, J.), *adopted by* 2024 WL 57319 (N.D. Tex. Jan. 3, 2024). The Motions for Substituted Service should be DENIED.

C. <u>Leave to Amend</u>

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). The Kennedys have already availed themselves of one opportunity to amend their pleading. *See*

Am. Compl. And even based on the most deferential review of the Kennedys' Amended Complaint, it is highly unlikely that, given the opportunity, they could allege viable legal claims based on the factual basis of their complaint. Therefore, the Court should conclude that granting leave to amend under these circumstances would be futile and cause needless delay. *See Starrett*, 2018 WL 6069969, at *3; *Korn*, 2022 WL 494377, at *3. The District Judge should DENY Plaintiffs' request for leave to amend.

## Conclusion

For the reasons explained, the District Judge should GRANT the pending Motions to Dismiss (ECF Nos. 16 & 19) and DISMISS the Kennedys' claims for lack of subject matter jurisdiction. The Court should DENY the Kennedys' Motions for Substituted Service (ECF Nos. 7, 9, & 15) and their motion for leave to amend (ECF Nos. 33 & 34).

**SO RECOMMENDED.**

July 16, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved part from appealing the factual findings and legal conclusion of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Automobile Ass'n.* 79 F.3d 1415, 1417 (5th Cir. 1996).